GURLEY *v.* THE PHOENIX INSURANCE COMPANY

No. 40707 March 17, 1958 101 So. 2d 101

*Cary Stovall, James E. Price, Jr.,* Corinth, for appellant.

*William L. Sharp,* Corinth, for appellee.

60

ROBERDS, P. J.

The deciding question in this case is whether or not a certain Chevrolet automobile which was stolen from Gurley, the appellant, was included within and covered by a theft insurance policy which had been issued by the Phoenix Insurance Company, the appellee, to Gurley. The policy covered only automobiles of which Gurley was the "sole owner", with certain exceptions not applicable to the automobile here involved. The question is whether Gurley, under the circumstances here, was the "sole owner" of said automobile. █ "An insurance ownership is sole when no one else has any interest in the property as owner." Bacot v. Phoenix Insurance Co., 96 Miss. 223, 50 So. 729. The automobile originally belonged to Lawrence David Roper. It was stolen from Roper and then sold to Gurley, who did not know it had been stolen. It is not shown what consideration Gurley paid for the car. Gurley was an automobile dealer. He placed the car on display for sale. It was stolen from him the night of May 26, 1955. Apparently Roper never located the car after it was stolen from him. His theft insurance carrier paid him for the automobile. What title did Gurley get by his purchase of the stolen car? Did he acquire "sole" ownership of the automobile?

 █ "In pursuance of the general rule that a person cannot transfer a better title to a chattel than he himself has, one who has acquired possession of property by a crime such as theft cannot confer title by a sale even to a bona fide purchaser. Even innocent parties can acquire no title or lien from a tortious possessor. * * * The same defect of title will continue to exist in all subsequent sales by persons deriving title from a thief as a source." 46 Am. Jur., page 622, Section 459. Roper (or maybe in this case his subrogee) was the owner of

the automobile and entitled to its possession. ██ █ It cannot be correctly said, in our opinion, that Gurley had sole ownership of this car.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.