**Federal Savings & Loan Insurance Corporation, Plaintiff-Appellee, v. Howard B. Quinn, Defendant-Appellant.**

Gen. No. 50,406.

First District, Fourth Division.

March 17, 1967.

Samuel E. Hirsch and Solomon Sachs, of Chicago, for appellant.

McCarthy, Witry, Lyon & McCarthy, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Judgment was confessed for $457,702.77 in the trial court on February 11, 1964, against defendant, Howard B. Quinn (hereinafter called Quinn), arising out of a note executed by and delivered to plaintiff's assignor. On October 15, 1964, Quinn filed a verified motion to vacate, open up the judgment, and stay the execution thereon.

On November 19, the trial court entered an order denying Quinn's petition to open up or vacate the judgment, ordered that Quinn have leave to file a counterclaim instanter, and that plaintiff, Federal Savings & Loan Insurance Corporation (hereinafter called Federal), have 20 days to plead thereto. On December 15, 1964, Federal filed a motion to strike and dismiss the counterclaim of Quinn. On December 17, Quinn filed a petition for a rehearing which was denied on December 22. Quinn took an appeal from the order of November 19 denying his motion to vacate or open the judgment, and from the order of December 22 denying Quinn's petition for rehearing.

This court, on its own motion, must first decide the question as to whether or not the orders entered in the trial court, from which the appeal is taken, are final and appealable. Section 50(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 50(2)) provides as follows:

> "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

In the case before us the trial court denied the verified motion of Quinn to vacate the judgment by confession entered against him. In the same order the court permitted Quinn to file a counterclaim instanter, and ordered

300

Federal to answer the same. Federal thereupon filed a motion to strike. No ruling was made on that motion and the counterclaim is still pending in the trial court.

■ The rule of law is that where a pleading is filed and a motion to strike is entered, all the matters well pleaded in the pleading are presumed to be true. People v. Sterling, 357 Ill 354, 192 NE 229; Consolidated Gasoline Co. v. Lexow, 316 Ill App 257, 44 NE2d 927; and Indemnity Ins. Co. of North America v. Prairie State Bank, 336 Ill App 438, 84 NE2d 338. Federal argues that the only matters raised by Quinn's counterclaim were matters which were set up in the petition to vacate the judgment, and consequently, must have been decided in the court at the time the petition was denied. We cannot so find, since the court had before it the counterclaim at the time it entered its order denying Quinn's petition to vacate the judgment. Nevertheless, the court, as it had a right to do, allowed Quinn to file the counterclaim and entered a rule upon Federal to answer.

In De Lia v. Toolen, 307 Ill App 491, 30 NE2d 763, the plaintiffs argued that the counterclaim stated no cause of action. The court pointed out that they made no motion to strike or to question its sufficiency, and that the point could not be raised in the Appellate Court for the first time. In the instant case Federal did make a motion to strike but no ruling was made by the trial court on that motion. Under those circumstances it is not incumbent upon this court to compare the pleadings and reach a conclusion which was not raised in the trial court, particularly, since the trial court, having before it both the counterclaim and the motion to strike, permitted the filing of the counterclaim in the same order. It is difficult for us to understand why the court was not asked to rule upon Federal's motion to strike the counterclaim. It is argued in this court that the trial court should not have permitted the filing of the counterclaim. That question is not before us.

Federal relies upon certain cases—among them, Getzelman v. Koehler, 14 Ill2d 396, 152 NE2d 833, in which case the court discussed and applied the rule laid down in Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787, and in Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792. In Getzelman, a partition decree which had been entered on October 22, 1956, provided for a reference to a master, and on November 5, 1957, the court ordered its decree approving and confirming the master's report. The plaintiffs contended that the appeal should have been taken from the decree of October 22, 1956, instead of from the decree entered by the court on November 5, 1957. The Supreme Court held that Ariola v. Nigro, supra, and Hanley v. Hanley, supra, were controlling, and that the partition decree of October 22 was not appealable at that time because it determined fewer than all the rights and liabilities in issue, and the trial court had not made the necessary findings.

Federal also cites Craven v. Craven, 407 Ill 252, 95 NE2d 489, which is not applicable since it was decided before the decision of the Supreme Court in the Ariola case. In Peterson v. Gwin, 17 Ill2d 261, 161 NE2d 123, an original complaint for ejectment was filed, and an amendment to the complaint added a claim for funds alleged to have been misappropriated from the joint bank account of the parties. The defendant filed an answer and a counterclaim, then appealed from orders dismissing count 2 of the second amended counterclaim, for failure to state a cause of action, and denying an application for leave to file a third amended counterclaim. The court said:

> "The plaintiff contends that this appeal is premature and the contention is correct. It is a basic tenet of our procedural system that only final judgments, decrees or orders are appealable. (Ill Rev

Stats 1957, chap 110, par 77.) The statutory exceptions by which certain specified interlocutory orders may be reviewed are not here pertinent. (Ill Rev Stats 1957, chap 110, par 78.) Even if the order denying leave to file a further pleading should be regarded as importing finality to the order dismissing count 2 of the counterclaim, there are multiple claims for relief in this action and obviously all of them are not disposed of by the orders sought to be reviewed. In this situation a final order disposing of less than all of the claims is reviewable 'only upon an express finding that there is no just reason for delaying enforcement or appeal.' (Ill Rev Stats 1957, chap 110, par 50(2) ; Bohannon v. Ryerson and Sons, Inc., 15 Ill2d 470; Ariola v. Nigro, 13 Ill2d 200.) There is no such finding by the trial court in this record."

■ We are today handing down opinions in three cases involving Quinn, based on the same fundamental dispute out of which this instant case arose. In Lawn Savings & Loan Ass'n v. Quinn, 81 Ill App2d 304, 225 NE2d 683, the trial court on November 5, 1964, entered an order which provided that the judgment heretofore entered in the instant case should be reduced and partially satisfied to the extent of $25,000. In the instant case we find no order carrying into effect the reduction and partial satisfaction. This is one of the matters which should be determined by the trial court. We find that because there was no disposition of the counterclaim pending in the court the orders entered in the trial court were not final and appealable.

The appeal of Howard B. Quinn is dismissed.

Appeal dismissed.

ENGLISH, P. J. and DRUCKER, J., concur.