This appeal is from the Circuit Court of the First Judicial District of Hinds County wherein David L. Estes, the appellee, was awarded possession of an automobile. It involves a question of "title" under Mississippi Code Annotated section 75-2-403
(1972).
The evidence discloses that Estes purchased a 1974 Chevrolet Caprice Sport Coupe from James E. Howard, ostensibly an individual in the automobile business. Further proof revealed the car to have been stolen from a Chevrolet dealership in Florida and after a circuitous route, the sport coupe eventually came to rest in Hinds County. Estes was unquestionably a good faith purchaser.
Section 75-2-403 of the Mississippi Uniform Commercial Code, as relevant, provides:
 (1) A purchaser of goods acquires all title which his transferor had or had power to transfer. . . . A person with voidable title has power to transfer a good title to a good faith purchaser for value. . . .
Appellee contends that the facially valid Mississippi title, ultimately based upon an Alabama tag receipt issued pursuant to a forged bill of sale, resulted in "voidable title" in Howard with its concomitant power. The appellant, Allstate Insurance Company, who obtained valid title subsequent to paying the Florida dealer's loss, contends its ownership was unaffected by the intervening good faith "equities" of Estes.
The dictate of Section 75-2-403 is clear. Regardless of the number of transactions, one cannot remove himself from the confines of the rule: A purchaser can take only those rights which his transferor has in the subject goods; a thief has neither title nor the power to convey such. Gurley v. ThePhoenix Ins. Co., 233 Miss. 58, 101 So.2d 101 (1958). Accordingly, title remained in Allstate and the circuit court order granting possession to Estes was erroneous.
REVERSED AND RENDERED.
GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.