354 So.2d 792 (1978)
Tommy WALKER
v.
Frank JOHNSON and Jimmy Slay.
No. 49824.
Supreme Court of Mississippi.
February 1, 1978.
A.R. Wright, Jr., Morris C. Phillips, Jr., Carthage, for appellant.
Joe P. Barnett, Robert N. Brooks, Carthage, for appellees.
Before INZER, P.J., and WALKER and BROOM, JJ.
INZER, Presiding Justice, for the Court:
This is an appeal by Tommy Walker from a judgment of the Circuit Court of Leake County dismissing his action for claim and delivery to regain possession of an automobile which he alleged was unlawfully taken from him by Jimmy Slay and retained by Frank Johnson, the appellees. We reverse and render.
It appears from the record that both Jimmy Slay and Frank Johnson were licensed used car dealers doing business in Carthage. On February 24, 1976, Tommy Walker purchased from Slay the 1966 Fairlane 500 Ford automobile and paid him $650 cash for the same. Slay, as required by Section *793 63-17-1, Mississippi Code 1972 Annotated, executed and delivered to Walker a bill of sale to the automobile. The bill of sale was in the statutory form and in addition thereto stated: "And for the same consideration, I hereby covenant and warrant that I am seized to the fee title to the above property and have a valid legal right to sell the same and that said property is free of all debts, liens and encumbrances whatsoever." However, Slay did not comply with Section 63-21-33, Mississippi Code 1972 Annotated, by delivering to Walker the transfer of the assignment and warranty of title. On the same day Walker carried his bill of sale to the tax collector's office and purchased a tag for the automobile.
Walker used the car to drive from his home in Leake County to Forest where he was employed. A few days after he purchased the car, Slay approached Walker and wanted to buy the car back, but Walker refused to sell because he had gone to the expense of repairing the transmission in the car. About a month later Slay signed an affidavit charging Walker with assault and battery and a warrant was issued by the Justice of the Peace for the arrest of Walker. While Walker was on his way home from work, a highway patrolman stopped him in Scott County and escorted him to the Leake County line where he was arrested, handcuffed, and taken to the jail in Carthage. Slay, who was with the officers, took the automobile and drove away. On March 29, 1976, Slay sold the automobile to Johnson, who was doing business as "The Trading Post." Slay gave Johnson a bill of sale, but did not comply with the provisions of Section 63-21-33 by delivering to Johnson a transfer of title. He told Johnson that he would get a title to the car for him later.
After his arrest, Walker made bond and was released from jail and was never tried on the charge against him. When he learned that Johnson had his car he contacted an attorney who went to Johnson and informed him that the car belonged to Walker and demanded possession of the car. Johnson refused to deliver the car and then set about to get a certificate of title to the automobile. It appears from the record that Slay had purchased the car from Travis Harkins, but never received an assignment from Harkins. After this controversy arose, Harkins executed an assignment of title to Slay who in turn executed an assignment of title to Johnson, which was backdated to the date of the purchase by Johnson. Johnson testified that when he purchased the car he knew nothing about the claim of Walker to the automobile. Slay did not appear and it seems that his whereabouts were unknown at the time of the trial.
The case was tried by the Circuit Judge without the intervention of a jury, and he held that since Johnson secured a certificate of title to the car his title to the car was superior to that of Walker. Therefore, Walker's cause of action was dismissed.
The question to be decided on this appeal is whether the trial court was in error in holding the Johnson claim to the automobile was superior to that of Walker, who had the automobile stolen from him by Slay.
It is clear from this record that when Slay sold the automobile to Walker for valuable consideration and executed a bill of sale to it, he no longer had any right, title, and interest in the automobile although the purchaser did not receive a certificate of title to the car. When Slay had Walker arrested and took the car, he did not acquire any title to the car. It follows that when he sold the car to Johnson he could not convey any title to the car. Under the provisions of Section 75-2-403, Mississippi Code 1972 Annotated, a purchaser of goods acquires all the title which the transferor had or had power to transfer, and a person with a voidable title has power to transfer a good title to a good-faith purchaser for value. However, even though the sale of the property is made to a bona fide purchaser for value, if it is stolen property, the person from whom it was stolen is not divested of his title.
Appellee Johnson contends that Section 63-21-31 applies in this case and this section requires the owner to execute an assignment *794 and warranty of title to the transferee and then requires the transferee to execute an application for a new certificate of title. By the terms of this section a transfer is not effective until one complies with its provisions. This section relied on by appellee applies to persons other than licensed dealers. The controlling section in this case is Section 63-21-33 which applies to dealers. Slay was a licensed dealer and so was Johnson and as such each was a designated agent of the comptroller. Section 63-21-9(b) puts the burden upon the dealer who sells any used vehicle to furnish the person an application for title to the vehicle and to forward the same to the Motor Vehicle Comptroller. Section 63-21-33 requires a dealer who has purchased a vehicle from another to execute the assignment and warranty of title by a dealer and to cause the same to be forwarded to the comptroller along with the purchaser's application for a new certificate. Slay did not perform his duties as required in this regard, but did give Walker a bill of sale as set out. When Slay had Walker arrested on a charge for which he was never tried and took the automobile without the consent of Walker, he acquired no title to the vehicle. His actions according to the facts in this record clearly show that Slay stole the automobile from Walker. This being true, Slay had no title to the car when he sold it to Johnson, therefore, Johnson acquired no title to the vehicle.
Johnson claims that he is an innocent purchaser for value with a certificate of title to the automobile and therefore was entitled to retain possession of the same. At the time Johnson purchased the automobile he did not receive a certificate of title, and being a licensed dealer he was well aware of the title law. It was only after Johnson found out that Slay had sold the car to Walker and had wrongfully taken the car, did he set about to secure a certificate of title. The fact that he did later acquire a certificate of title does not defeat the right of Walker to the possession of the automobile. At the time Johnson received that certificate of title he was not an innocent purchaser for value.
For the reasons stated, this case is reversed and a judgment entered here in favor of Walker.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.