ARENA AUTO AUCTION *et al.*, Plaintiffs-Appellants, *v.* SCHMERLER FORD, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-1172

Opinion filed March 29, 1978.—Rehearing denied June 20, 1978.

Howard D. Hollander, Ltd., of Chicago (Philip Z. Levinson and Robert Handelsman, of counsel), for appellants.

No appearance for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, auction houses engaged in the business of selling used automobiles, appeal from the trial court's dismissal of their third amended complaint for failure to state a claim upon which relief can be granted. Defendants, who are automobile dealers in the Chicago area, have not filed an answering brief in this court.

The complaint in question alleged that on or about March 25, 1975, defendants sold a number of used automobiles to Robert L. Gilbert, d/b/a Gilbert Motor Company, an Alabama corporation. Gilbert obtained certificates of registration for these vehicles from the State of Alabama and later assigned these certificates to plaintiffs. Plaintiffs sold

the automobiles to wholesale customers for Gilbert and assigned the registration certificates to the customers. The sale proceeds were delivered to Gilbert who, plaintiffs discovered, never paid defendants. Defendants thus claim to be the owners or, in the alternative, to have a security interest in these automobiles.

The complaint recited further that defendants have refused to assign plaintiffs Illinois certificates of title. Defendants reported the automobiles as stolen and as a result the automobiles of several customers have been repossessed. The complaint further alleged that it was plaintiffs' obligation to deliver to their customers good and merchantable title to any automobile sold at auction and that several claims had been filed by customers against plaintiffs because of the repossessions. Plaintiffs sought injunctive relief to prevent the further reclamation by defendants of automobiles purchased by plaintiffs' customers. They also sought to compel defendants to assign to plaintiffs the certificates of title issued by the State of Illinois.

Defendants' respective motions to dismiss alleged that plaintiffs had no standing to assert the claims in their complaint. The motions also recited that defendants owed plaintiffs no legal duty since there had been no direct dealings between them.

For purposes of considering a motion to dismiss a complaint, all well-pleaded facts must be taken as true. (*Federal Savings & Loan Insurance Corp. v. Quinn* (1967), 81 Ill. App. 2d 299, 225 N.E.2d 693.) With this standard in mind, we shall consider whether the trial court correctly dismissed the complaint.

The transactions which form the subject matter of plaintiffs' complaint are governed by section 2—403 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—403), which provides in part:

> "(1) A purchaser of goods acquires all title which his transferor had or had power to transfer * * *. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though
>
> * * *
>
> (b) the delivery was in exchange for a check which is later dishonored, or
>
> * * *
>
> (d) the delivery was procured through fraud punishable as larcenous under the criminal law."

Plaintiffs maintain that the instant case falls within the rule that where title is obtained by fraud, it is merely voidable, and a good faith purchaser for value receives good title, even as against the true owner. They state that their customers are good faith purchasers since there was no notation of any interest reserved by defendants on the certificates of title assigned

to plaintiffs. Plaintiffs also argue that their customers are protected as buyers in the ordinary course of business (Ill. Rev. Stat. 1975, ch. 26, par. 1—201(9)), since plaintiffs are merchants dealing in used automobiles and the purchasers had no knowledge that the sale to them was in violation of the ownership rights of a third party.

A similar fact situation was presented in *C. Jon Development Corp. v. Pand-Rorsche Corp.* (1966), 69 Ill. App. 2d 469, 217 N.E.2d 416. Plaintiff sold an automobile to Pand-Rorsche in exchange for $1,000 and a draft for $3,200. By agreement of the parties, plaintiff was to remain the legal owner until the draft was paid. A certificate of title, which contained no notation of any security interest held by plaintiff in the vehicle, was signed over to Pand-Rorsche who thereafter obtained a new certificate of title in its own name. Defendant Evanston Motor Company later purchased the car and obtained the certificate of title from Pand-Rorsche without knowledge of any outstanding security interests. After Evanston purchased the car, the Secretary of State halted the issuance of titles to Pand-Rorsche, apparently on the ground that it was obtaining automobiles by fraud. Evanston subsequently sold the car. In reversing the trial court's judgment in favor of plaintiff, the court held that Evanston Motor Company qualified as a buyer in the ordinary course of business and therefore took title free from any interest plaintiff might have which was not reflected therein.

■■ Although the foregoing case involved a claim based upon a security interest, we do not believe a different result should be reached where, as here, defendant urged that title to the property was obtained by fraud. In either case, the deceived party initially intended to transfer possession of the property to a person who later sells to a third party who has no notice, either actual or constructive, of any interest reserved. In such situations, the title of the innocent third party and of those who purchase from that party is paramount to the true owner's.

■■ Plaintiffs have alleged sufficient facts in their third amended complaint to withstand defendants' motion to dismiss. Plaintiffs have standing to maintain the action since they have alleged that their customers have made claims against them arising out of plaintiff's breach of duty to deliver good and merchantable title.

For the foregoing reasons, the order of the circuit court of Cook County granting defendants' motions to dismiss plaintiffs' complaint is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

JIGANTI, P. J., and McGILLICUDDY, J., concur.