363 So.2d 1360 (1978)
Vail PASCHAL, Plaintiff-Appellant,
v.
Billy HAMILTON and Geneva Hamilton, Defendants-Appellees.
No. 50955.
Supreme Court of Mississippi.
November 8, 1978.
James E. Brown, Starkville, for plaintiff-appellant.
Ben F. Hilbun, Jr., Charles T. Yoste, Starkville, for defendants-appellees.
Before PATTERSON, ROBERTSON and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
Paschal filed suit in the Circuit Court of Oktibbeha County for replevin of an automobile. The trial court directed a verdict for defendants Billy and Geneva Hamilton.
The sole issue presented, one of first impression, in this Court is:
May a bona fide purchaser of an automobile for value take good title from one who procured the automobile by fraudulent purchase?
Paschal was the owner of an automobile and advertised it for sale. A prospective buyer made an offer which was accepted. The following day the buyer appeared at Paschal's home and gave a check to Paschal's wife in exchange for the car and title. Subsequently the check was dishonored as a forgery.
After the car had been resold several times, it was purchased by the Hamiltons from a used car dealer in Starkville, Mississippi. Paschal later located the car through law enforcement officials and brought this action for replevin.
The Mississippi Uniform Commercial Code, Mississippi Code Annotated section 75-2-403 (1972) provides:
§ 75-2-403. Power to transfer; good faith purchaser of goods; "entrusting."
(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of *1361 a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though
(a) the transferor was deceived as to the identity of the purchaser, or
(b) the delivery was in exchange for a check which is later dishonored, or
(c) it was agreed that the transaction was to be a "cash sale," or
(d) the delivery was procured through fraud punishable as larcenous under the criminal law.

(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.
(3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.
(4) The rights of other purchasers of goods and of lien creditors are governed by the chapters on Secured Transactions (Chapter 9), Bulk Transfers (Chapter 6) and Documents of Title (Chapter 7). (Emphasis added).
It is clear on the facts that the original sale involved "goods [which] have been delivered under a transaction of purchase...." Therefore, 1(d) is controlling and good faith purchasers (here the Hamiltons) take a good title. While the Commercial Code rule may seem harsh, it is in line with the purposes of the Code, to promote commerce and business by simplifying and making uniform the law dealing with commercial transactions. Miss. Code Ann. § 75-1-102 (1972). See Matter of Samuels & Co., Inc., 526 F.2d 1238 (5th Cir.1976); Hudiburg Chevrolet Co., Inc. v. Ponce, 17 Wis.2d 281, 116 N.W.2d 252 (1962).
We also note that this rule is not inconsistent with prior cases holding that the purchaser of a stolen vehicle does not obtain good title, since there the transferor did not obtain the vehicle by "delivery under a transaction of purchase." Gurley v. Phoenix Ins. Co., 233 Miss. 58, 101 So.2d 101 (1958) [stolen auto]; Allstate Ins. Co. v. Estes, 345 So.2d 265 (Miss. 1977) [stolen auto and forged bill of sale].
The judgment of the trial court is affirmed.
AFFIRMED.
SMITH, P.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.