431 So.2d 926 (1983)
ATWOOD CHEVROLET-OLDS., INC.
v.
ABERDEEN MUNICIPAL SCHOOL DISTRICT.
No. 53783.
Supreme Court of Mississippi.
May 25, 1983.
LaBarre & LaBarre, Oscar P. LaBarre, Vicksburg, for appellant.
Houston, Chamberlin & Houston, Claude A. Chamberlin, Aberdeen, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
*927 PRATHER, Justice, for the Court:
Atwood Chevrolet-Olds., Inc., filed this replevin action in the Circuit Court of Monroe County to recover two school buses in the possession of the Aberdeen Municipal School District. Atwood was the owner of the chassis in each bus and retained the certificate of origin to the chassis. The school district acquired the buses by purchase from an insolvent intermediate dealer.
The lower court held that the provisions of the Uniform Commercial Code controlled when Atwood placed the chassis in the stream of commerce and entrusted them to a dealer who sold the chassis in the ordinary course of business to an innocent purchaser for value. As a result of this determination, the school district was permitted to retain possession of the buses. It is Atwood's sole contention on appeal, however, that a different result would have been reached if the lower court had properly applied the motor vehicular statutes on point.

FACTS
The facts of this case are basically undisputed. Atwood Chevrolet-Olds., Inc. purchased Chevrolet chassis for buses from General Motors Inc. In turn, these parts were "drop shipped" to Carpenter Body Works in Mitchell, Indiana. Carpenter placed a bus body on each General Motors chassis. Brantley Bus Sales Inc., the sole Mississippi distributor for Carpenter buses, was then responsible for the sale and delivery of the finished bus to customers. Under the usual procedure, Brantley first received the sales price for each motor vehicle, then sought the transfer of title to the new customer, and then finally paid Atwood the price of each chassis. Atwood was not involved in these sales transactions.
This particular case began when the Aberdeen School District sought the purchase, through bid procedures as required by law, of two school buses from Brantley during August of 1980. Atwood, as it had in the past, authorized the release of the buses by Carpenter to Brantley so that the sale could be consummated. On August 28, 1980, Brantley delivered the buses to Aberdeen and received the full purchase price. According to the school district superintendent, the purchase was effected without incident in the same manner as in past transactions.
After Atwood failed to receive payment from Brantley, it learned that Brantley's business was encountering financial difficulty. In September of 1980, Atwood contacted the school district superintendent to inquire about the receipt of the buses. Upon learning that the buses had in fact been delivered to the district during the preceding month, and since the invoice for the chassis remained unpaid, Atwood told the superintendent that it still retained a right of possession and ownership to the buses. When Aberdeen did not concede to Atwood's request for return of the buses or to a second payment, this replevin suit was instituted by Atwood.
Both Brantley and Atwood acknowledged during trial that there was no notice to the Aberdeen School District of Atwood's interest in the chassis. Also, it was admitted that Atwood's actual claim extended solely to the chassis and not to the entire bus. Finally, it should be recognized that Atwood held the certificate of origin to the bus, and no transfer of that certificate was ever made between Atwood or Brantley to the school district.

LAW

I.
The threshold question is whether the pertinent Mississippi Vehicle Title Statute, section 63-21-31 of the Mississippi Code Annotated (1972), prevails over the pertinent Mississippi Commercial Code provision, section 75-2-403(2) of the Mississippi Code Annotated (1972). We hold that it does not.
Section 63-21-31 provides that transfer of a vehicle is not effective unless, "at the time of the delivery of the vehicle", the owner executes an assignment and warranty of title to the transferee. On the other hand, section 75-2-403(2) provides that: *928 "any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in [the] ordinary course of business." In other words, the latter statutory section does not impose the requirement of obtaining a certificate of origin or title at the time of delivery of the vehicle.
Thus, these two statutes, in some aspects, are concerned with the same subject matter. When statutes are in pari materia, although apparently conflicting, they should, if possible, be construed in harmony with each other to give effect to each. Lamar County Sch. Bd. of Lamar County v. Saul, 359 So.2d 350 (Miss. 1978); McCullen v. State ex rel. Alexander for Use of Hinds County, 217 Miss. 256, 63 So.2d 856 (1953); Greaves v. Hinds County, 166 Miss. 89, 145 So. 900 (1933). Several jurisdictions have encountered the same disputes arising from similar conflicting statutes, and those jurisdictions have reasoned that a good faith purchaser should prevail.
Some of those courts have recognized that the intent and spirit of the title statutes would not be served in preventing the passage of ownership to a bona fide purchaser for value without notice. Medico Leasing Co. v. Smith, 457 P.2d 548 (Okla. 1969); Hento v. Melmer, 73 S.D. 455, 44 N.W.2d 212 (1950). The major purpose behind such title statutes is to facilitate the recovery of stolen cars, and to establish a source of information concerning the title and liens on motor vehicles for commercial entities. Nationwide Ins. Co. v. Bank of Forest, 368 So.2d 1273 (Miss. 1979).
Another reason for protecting the innocent purchaser is the observation that the owner or manufacturer was the party who set in motion the chain of events leading to the title dispute by entrusting the vehicle to an insolvent dealer. Island v. Warkenthien, 287 N.W.2d 487 (S.D. 1980); Coffman Truck Sales v. Sackley Cartage Co., Inc., 58 Ill. App.3d 68, 15 Ill.Dec. 554, 373 N.E.2d 1026, 23 U.C.C.Rptr. 1160 (1978); Greyhound Rent-A-Car, Inc. v. Austin, 298 So.2d 345 (Fla. 1974); Godfrey v. Gilsdorf, 86 Nev. 714, 476 P.2d 3 (1970). Thus, as between two innocent parties, the purchaser and the owner, it is the owner who should suffer injury because it is he who permitted the insolvent dealer to be involved in the transaction.
We find both the above arguments to be persuasive. In our considered opinion, the pertinent Mississippi title statute was never intended by the Legislature to harm an innocent bona fide purchaser. And, the purpose of that statute can still be achieved even though the "entrustment" statute is given prevalence. In this limited respect, the Commercial Code provision must prevail. Thus, it was not necessary for the purchaser to receive, at the time of delivery of the vehicle, the certificate of origin before title could pass to him. The sale was complete upon delivery.

II.
The remaining step in the analysis is to determine whether the transaction at issue falls under the protection of section 75-2-403(2).
It is undisputed that Atwood permitted Carpenter Body, Inc., to release the buses to Brantley, a dealer of school buses. And, Atwood previously followed this procedure for sales of its other chassis by Brantley. In fact, the school district had purchased buses through these parties before. In permitting this procedure, Atwood clothed Brantley with the authority to sell its buses. Certainly, such circumstances constitute an "entrusting" of goods to a "merchant." Moreover, Brantley could transfer any rights which Atwood held in the bus to the school district. In this case, those rights were ownership of the chassis. Finally, there is no argument that the school district was not a buyer in the ordinary course of business.[1] Aberdeen paid a substantial sum *929 for the buses and had absolutely no notice that Atwood had any rights to the chassis. Aberdeen is entitled to possession and ownership of the two vehicles involved.
The order of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
NOTES
[1] Section 75-1-201(9) of the Mississippi Code Annotated (1972) defines a "buyer in ordinary course of business" as a good faith purchaser for value who had no notice that the sale was in violation of the ownership or security rights of a third party, and who purchased the goods from a person who was in the business of selling goods of that kind.