463 So.2d 1056 (1985)
MISSISSIPPI PUBLIC SERVICE COMMISSION, et al.
v.
MUNICIPAL ENERGY AGENCY OF MISSISSIPPI.
No. 55762.
Supreme Court of Mississippi.
January 23, 1985.
*1057 Bennett E. Smith, Jackson, for appellants.
David R. Hunt, Sullivan, Hunt, Spell & Henson, Clarksdale, for appellee.
En Banc.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Leflore County, Mississippi wherein summary judgment was granted upon motion of appellee, Mississippi Energy Agency of Mississippi (hereinafter MEAM). Cross motion of appellant, Mississippi Public Service Commission (hereinafter PSC) for summary judgment was denied.
MEAM is a political subdivision of the State of Mississippi organized to supply electric power and energy to the cities of Canton, Clarksdale, Durant, Greenwood, Itta Bena, Kosciusko, Leland and Yazoo City. MEAM was created as a joint agency pursuant to section 9(1) Chapter 363, Mississippi Law 1978.
Mississippi Code Annotated section 77-5-713 (Supp. 1984) of that Act made provision for application for licenses, permits, certificates or approvals. That section further stated in part:
... provided, however, nothing herein contained shall be construed to require a municipality to obtain any license, certificate, permit, or approval from the public service commission of Mississippi.
In Mississippi Code Annotated section 77-5-725(r) (Supp. 1984) under "Rights and powers of joint agencies", it is provided:
(r) To apply to the appropriate agencies of the state, the United States or any state thereof, and to any other proper agency for construct, maintain and operate projects in accordance with, and to obtain, hold and use, such licenses, permits certificates or approvals in the same manner as any other person or operating unit of any other person; provided, however, nothing herein contained shall be construed to require the joint agency to obtain any permit, license, certificate or approval from the public service commission of Mississippi.

The question presented on this appeal is whether or not the Municipal Energy Agency of Mississippi (MEAM) must obtain a certificate of public convenience and necessity from the Mississippi Public Service Commission for the purpose of construction of electric generating facilities.

LEGISLATIVE HISTORY
In 1956 the Mississippi Legislature enacted the Public Utilities Act to vest authority in the PSC to regulate certain public utilities. *1058 Mississippi Code Annotated section 77-3-11(1) (1972) of the Act required a certificate of public convenience and necessity be obtained from the commission before the beginning of construction of facilities to generate, transmit, or distribute electric energy. However, Mississippi Code Annotated section 77-3-1 (1972) specifically exempts public utilities owned or operated by a municipality from the provisions of the Act, except as to extension of utilities greater than one mile outside the corporate boundaries. That exemption was carried forward in the Act through the last amendment in 1983. In 1983 there was enacted section 77-3-14 (a new section), which provides:
(1) Notwithstanding the provisions of section 77-3-11 and section 77-3-13, no public utility or other person shall begin the construction of any facility for the generation and transmission of electricity to be directly or indirectly used for the furnishing of public utility service in this state, even though the facility be for furnishing the service already being rendered, without first obtaining from the commission a certificate that the public convenience and necessity requires, or will require, such construction.
If there were no other statutory provision to consider, it would appear obvious that all generation and transmissions of electricity would come under the authority of the Public Service Commission.
The controlling rule of construction dispositive of this case is that each section of the Code dealing with the same or similar subject matter must be read in pari materia and to the extent possible each section of the Code must be given effect so that the legislative intent can be determined. Atwood Chevrolet-Olds, Inc. v. Aberdeen Municipal School District, 431 So.2d 926 (Miss. 1983); Lamar County School Board of Lamar County v. Saul, 359 So.2d 350 (Miss. 1978). It is clear that the Legislature created the Public Service Commission for the purpose of overseeing and regulating various public utilities, including the generation and transmission of electricity by the enactment of the original Public Utility Act in 1956 and subsequent amendments thereto.
When the original Public Utility Act became law, it contained a provision codified as Mississippi Code Annotated section 77-3-1 (1972) which provides:
Any public utility as defined in paragraph (d) of section 77-3-3, owned or operated by a municipality shall not be subject to the provisions of this article, except as to extension of utilities greater than one mile outside corporate boundaries after March 29, 1956.
This section exempts municipalities from the provisions of the Act.
At that time the generation of electricity by the joint efforts of several municipalities had not come into being in this State.
However, as above outlined, in 1978 the Legislature authorized two or more municipalities to join together for the purpose of owning and operating jointly, among themselves or others, facilities for the generation and transmission of electric power and energy. That Act specifically provided under Mississippi Code Annotated section 77-5-779 (Supp. 1984) the following:
The foregoing sections of this article shall be deemed to provide an additional, alternative and complete method for the doing of the things authorized thereby and shall be deemed and construed to be supplemental and additional to powers conferred by other laws, and shall not be regarded as in derogation of any powers now existing; provided, however, that insofar as the provisions of this article are inconsistent with the provisions of any other general, special or local law, the provisions of this article shall be controlling. Nothing in this article shall be construed to authorize the issuance of bonds for the purpose of financing the ownership of any facilities or any interest therein by any private corporation.
*1059 That provision of the joint municipal electric power and energy Act has been carried forward and is still in force and effect. In addition to that section bearing on the subject, the Legislature in 1984 amended section 77-5-725 entitled "Rights and powers of joint agencies" (MEAM) with respect to a matter not related to the issue presented in this opinion, and in doing so, carried forward that part of section 77-5-725(r) which provides:
To apply to the appropriate agencies of the state, the United States or any state thereof, and to any other proper agency for such permits, licenses, certificates or approvals as may be necessary, and to construct, maintain and operate projects in accordance with, and to obtain, hold and use, such licenses, permits, certificates or approvals in the same manner as any other person or operating unit of any other person; provided, however, nothing herein contained shall be construed to require the joint agency to obtain any permit, license, certificate or approval from the public service commission of Mississippi.
Therefore, applying the governing rules of construction that every statute must be given meaning unless found to be in hopeless conflict with another statute, we are of the opinion that the Act authorizing the creation of the municipal energy agency of Mississippi clearly specifically exempts the agencies created under the Act from obtaining a certificate of public necessity and convenience from the Mississippi Public Service Commission prior to the construction of facilities for the generation or transmission of electricity by such agencies.
Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.