516 So.2d 1344 (1987)
Jimmy HICKS
v.
Billy A. THOMAS and Billy Daniels.
No. 57293.
Supreme Court of Mississippi.
December 2, 1987.
*1345 Jim Waide, Estes & Waide, Tupelo, for appellants.
Stephen L. Livingston, New Albany, Gene Barton, Tupelo, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the Court:

I.
This is a case about a truck, a used one, at that. The dispute over who owns it has generated lawyer verve and versatility for in excess of any value the truck may have. In the end we vindicate our title law; the holder of the certificate of title gets the truck. We affirm the action of the lower court to that effect. On the cross-claim for breach of warranty of title, we reverse and remand.

II.
Today's principal players are three. First, there is Billy A. Thomas, who lives in Union County. Thomas was the Plaintiff below and is one of the Appellants here. Then we have Billy Daniels. Daniels lives in Lee County. He was one of the Defendants and was also a Cross-Defendant below, and is another Appellee here. Finally there is Jimmy Hicks, Defendant and Cross-Claimant below, and Appellant here, a resident of the Lee County community of Sherman.
In March of 1981, Billy A. Thomas obtained a certificate of title to a 1972 GMC truck. In June of 1981, Thomas loaned the truck to his son-in-law, Marty Gene Cross. Cross parked the truck at a house he rented from Billy Daniels. Cross fell in arrears on his rent and vacated the premises. The truck was left behind, abandoned without belts on the motor, no water pump, fan, rear axle or rear tires and with flat front tires.
Daniels, claiming a landlord's lien, retained the truck and then traded it to one Charles Ellis of Mooreville, Mississippi, for a used band saw and two used tires. Ellis in turn sold the truck to Jimmy Hicks for $350. Hicks has been involved in the automobile business and related businesses for some time. Hicks repaired the truck to usable condition at a cost of some $1,056.90. Then, Hicks sold the truck to Jack Cooper.
At long last, Thomas decided he wanted his truck back. On April 5, 1982, Thomas brought a replevin action in the Circuit Court of Lee County. Once the dispute about the title arose, Hicks refunded Cooper his money and took the truck back.
When the matter was heard in Circuit Court, Thomas was exhibiting his certificate of title and claiming that the truck was his. Hicks claimed bona fide purchaser status and alternatively asserted a claim in the nature of a mechanic's lien for the work he had had done on the truck. Hicks also claimed against Ellis and Daniels for breach of implied warranty of title.
The matter came on for hearing on cross-motions for judgment on the pleadings and/or summary judgment. The Court had before it the affidavit in support of the complaint in replevin filed on Thomas' behalf and, as well, the affidavit of Jimmy Hicks dated February 27, 1984.
On April 15, 1986, the Circuit Court entered final judgment that the truck be delivered to Thomas, his certificate of title vanquishing all other claims. The Court dismissed Hicks' implied warranty of title cross-claim against Daniels.
Hicks brings today's appeal. He first urges that he acquired good title to the truck when he purchased it from Ellis (sans certificate of title) and, accordingly, asserts that the judgment in favor of Thomas for *1346 possession of the truck should be reversed. In the alternative, Hicks claims that, if the judgment in favor of Thomas be affirmed, he, Hicks, is entitled over and against Daniels for breach of implied warranty of title. Mercifully, none of the parties compound the matter with assertions of procedural difficulties.

III.
We begin with the fact that title to today's truck was vested in Billy A. Thomas. This is so because Thomas holds a certificate of title issued March 16, 1981. Our positive law makes clear that the principal way someone may acquire title from Thomas is to have Thomas endorse and deliver the certificate.
Miss. Code Ann. § 63-21-31(1) (1972) provides, in relevant part, that
If an owner transfers his interest in a vehicle . .. he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to the transferee ... and cause the certificate and assignment to be mailed or delivered to the transferee.
The statute then provides that, again, with exceptions not relevant here,
As between the parties, a transfer by an owner is not effective until the provisions of this section have been complied with.
If there be any area where we ought move heaven and earth to avoid the uncertainties and indeterminacies that seem to incessantly infect our law, it is with regard to titles. Motor vehicles, because of their mobility and value, are particularly in need of a uniform title system, one which at any point in time may allow it to be determined with certainty who is the owner. Such a title system facilitates the recovery of lost or stolen vehicles and the perfecting of security interest in vehicles. See, e.g., Atwood Chevrolet-Olds, Inc. v. Aberdeen Municipal Separate School District, 431 So.2d 926, 928 (Miss. 1983); and Nationwide Insurance Co. v. Bank of Forest, 368 So.2d 1273, 1275 (Miss. 1979).
Our legislature has provided such a system in the form of the Mississippi Motor Vehicle Title Law, originally enacted in 1968. See Miss. Code Ann. §§ 63-21-1, et seq. That statute accepts certainty of title as our primary value, and provides a simple method for transferring title to motor vehicles  endorsement and delivery to the transferee of the title certificate. Today's litigants have had well over a decade to learn that system.
No one suggests that Thomas ever signed or endorsed his title certificate to Cross, Daniels, Hicks or anyone else. In order to prevail, Hicks must thus bring himself within some legally cognizable exception to our Motor Vehicle Title Law. Hicks argues that he is an innocent purchaser for value without notice of any claim or defense to title to the truck. In law his innocence is tarnished by the fact that he had been involved in the automobile business and related businesses. Cf. Walker v. Johnson, 354 So.2d 792, 794 (Miss. 1978). Hicks is charged with knowledge that he could have furnished the State Motor Vehicle Comptroller with the vehicle identification number on the truck and, for a nominal fee, found whether there was a title certificate outstanding with respect to that truck and, if so, in whose name it appeared.
Hicks is afforded little comfort by Atwood Chevrolet-Olds, Inc. v. Aberdeen Municipal Separate School District, 431 So.2d 926 (Miss. 1983). Atwood involved the sale of buses whose chassis were sold by Atwood Chevrolet to Brantley Bus Sales. Brantley would remit the price of the chassis after being paid for the bus by the purchaser. When Brantley's business faltered, Atwood sought possession of two buses which had been purchased by the Aberdeen School District. The Court held in favor of the school district relying upon the entrustment statute, Miss. Code Ann. § 75-2-403(2) (1972), over the title statute. The Court found that Aberdeen had "absolutely no notice that Atwood had any rights *1347 to the chassis." 431 So.2d at 929. The key to that decision, however, was that Atwood had entrusted the chassis to "a merchant who deals in goods of that kind." That fact gave the merchant, Brantley, power to transfer all rights of Atwood to a buyer in the ordinary course of business, such as the Aberdeen School District. Here, however, we have two wholly distinguishing factors. First, Thomas never entrusted his truck to a merchant within Section 75-2-403(2). Second, Hicks did not acquire the truck from a merchant. Atwood has no application here.
Hicks further argues that his transferor, Ellis, held a voidable title and that one holding a voidable title has power to transfer perfect title to an innocent purchaser for value. One makes a voidable transfer, Hicks contends, when the true owner voluntarily transfers possession of the goods citing Arena Auto Auction v. Schmerler Ford, Inc., 60 Ill. App.3d 484, 17 Ill.Dec. 853, 377 N.E.2d 43 (1978). Hicks claims that he bought the truck from one who had title "under a claim that the vehicle had been abandoned and that his transferor had at least a voidable title." Whatever force that theory may once have had, the Mississippi Motor Vehicle Title Law eviscerates it. The argument fails because Thomas never, directly, implicitly or otherwise, transferred to anyone the certificate of title to the truck.
Hicks' reliance on Paschal v. Hamilton, 363 So.2d 1360 (Miss. 1978), is misplaced. In Paschal, the certificate of title had been transferred to the buyer although he purchased it using a bad check. In the instant case, title, voidable or otherwise, was never transferred from the rightful owner. The case of Paschal v. Hamilton strongly points out that you must have the title to the vehicle in order to transfer it.
The fact that the truck may have appeared "abandoned" on Daniels' property is of no moment. We have a clearly delineated statutory procedure for dealing with abandoned vehicles beginning with a legal definition of such. See Miss. Code Ann. § 63-23-1, et seq. (Supp. 1987). Section 63-23-3 defines an abandoned motor vehicle as one:
(a) which has been left by the owner, or some person acting for the owner, with an automobile dealer, repairman or wrecker service for repair or for some other reason and has not been called for by such owner or other person within a period of forty days after the time agreed upon or within forty days after such vehicle is turned over to such dealer, repairman or wrecker service when no time is agreed upon;
(b) which is left unattended on a public street, road or highway or other public property for a period of at least five days;
(c) which has been lawfully towed onto the property of another at the written request of a law enforcement officer and left there for a period of not less than forty days without anyone having made claim thereto.
Today's truck sitting in Billy Daniels' yard failed to fit any description under Section 63-23-3. The mere fact that the truck may have been left on Daniels' property and in an inoperable condition is of no moment. For Hicks to profit on this point, he would have to show to us that the truck was abandoned in law, not merely in fact.
Ever ingenious, Hicks then claims that the truck was rightfully acquired by Daniels under a landlord's lien and that Daniels thus conveyed to Ellis at least colorable title. The problem here is that the Landlord Lien Statute, Miss. Code Ann. § 89-7-1 (1972) affords an unpaid landlord no rights in the property of third persons on the premises. Brunswick Balke Collender Co. v. Murphy, 89 Miss. 264, 269, 42 So. 288, 289 (1906); by analogy, a landlord should not acquire a lien under Miss. Code Ann. § 89-7-51(2) (Supp. 1987) on property not belonging to the lessee. Miss. Code Ann. § 89-7-51(2) covers "all articles of personal property ... owned by the lessee of real property and situated on the leased premises."
*1348 In sum, the only way Hicks could have acquired title to the truck was through obtaining delivery of an endorsed certificate of title from his transferor, Ellis, or by bringing himself within one of the few and narrow exceptions to the Title Act. As he has failed on all counts, the assignment of error is denied.

IV.
Hicks argues that the Circuit Court erred when it dismissed his cross-claim against Daniels. In that claim Hicks had asserted breach of implied warranty of title. It will be recalled that Hicks purchased the truck from Charles Ellis. Ellis got the truck in a trade with Daniels. The pleadings below reflect that Hicks had asserted a breach of warranty claim against Ellis. On the present appeal, however, Ellis has not been made a party and no complaint is made of the failure of the Circuit Court to enter judgment against Ellis. What  and all  Hicks complains of here is the failure to enter a judgment against Daniels.
As a general rule, our Uniform Commercial Code provides that a seller of goods warrants title and that the goods shall be delivered free of any security interest, lien or encumbrance. See Miss. Code Ann. § 75-2-312(1) (1972). This would suggest that Hicks may indeed have had a cognizable claim against Ellis. Daniels, however, was not the person who sold the truck to Hicks. The warranty of Section 75-2-312 is from buyer to seller and is thought by some not to run with the goods to remote purchasers  arguably the last vestige of the doctrine of privity. See Universal C.I.T. Credit Corporation v. State Farm Mutual Automobile Insurance Company, 493 S.W.2d 385, 393-94 (Mo. App. 1973).
Our law provides that, inter alia, in ... action[s] for ... economic loss brought on account of ... breach of warranty, including actions brought under the Uniform Commercial Code, privity shall not be a requirement to maintain said action.
Miss. Code Ann. § 11-7-20 (Supp. 1987). We have read this statutory rule as removing the privity requirement in all cases. Keyes v. Guy Bailey Homes, Inc., 439 So.2d 670, 673 (Miss. 1983).
Hicks may sue Daniels directly, without the intermediate step of first obtaining a judgment against Ellis and thereafter requiring Ellis to seek indemnity of and from Daniels. That he loses his privity defense in no way shears from Daniels any other defense he might enjoy were the more traditional and more cumbersome two step process employed. Daniels enjoys any defense he may have had in the event Ellis had sued for breach of warranty of title and, as well, any defense Ellis may have asserted in an action brought by Hicks.
On the merits Daniels argues that he may avoid any implied warranty of title under a statutory exception to the general rule. He points to Miss. Code Ann. § 75-2-312(2) (1972) which excludes any implied warranty in the case of
circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.
The defense may ultimately prove meritorious. In the present state of the record, we may only say that on this defense there appear genuine issues of material fact, precluding summary dismissal of Hicks' cross-claim. See Rule 56(c), Miss.R.Civ.P.

V.
The judgment in replevin entered in favor of Billy A. Thomas and against Jimmy Hicks is affirmed. The judgment entered in favor of Billy Daniels dismissing Hicks' cross-claim is reversed and that part of this case is remanded for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ROY NOBLE LEE, C.J.; HAWKINS and DAN M. LEE, P.JJ., PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.