653 So.2d 250 (1994)
Phyllis ROBERTS, Appellant,
v.
GRAFE AUTO COMPANY, INC., Rene Clark and Sherrie Clark, Appellees.
No. 92-TS-0045.
Supreme Court of Mississippi.
July 21, 1994.
Joint Petition for Rehearing and other Relief Denied April 20, 1995.
Wayne E. Ferrell, Jr., Karla J. Pierce, Ferrell & Hubbard, Jackson, Margaret Ellis, Kitchens & Ellis, Pascagoula, for appellant.
James Compton, Raymond Carter, Compton Crowell & Hewitt, Biloxi, W. Lee Watt, Brown & Watt, Pascagoula, for appellee.

ORDER
SMITH, Justice.
This matter came before the Court en banc on Roberts' motion for relief from this Court's order which dismissed her appeal. We grant Roberts' motion and allow the appeal. For the reasons stated in this Order, we find that the appeal should be reinstated on the docket of this Court and that appellate proceedings in this action should resume.
The Mississippi Supreme Court Rules do not expressly authorize Roberts to file her Amended Motion For Out-Of-Time Appeal Or, Alternatively, For Relief From Order, however, under the particular facts of this case we suspend the Rules of this Court because Roberts has shown "other good cause," as those words are used in Miss.Sup. Ct.R. 2(c), why this Court should suspend its Rules and hear her motion on the merits.
A panel of this Court entered an order on October 15, 1992, which dismissed the appeal, Roberts filed her "Petition For Rehearing And To Reinstate Appeal," and a panel of this Court entered an order on April 1, 1993, which denied the Petition. Thereafter, Roberts filed her "Amended Motion For Out-Of-Time Appeal Or, Alternatively, For Relief From Order." Roberts seeks relief from the orders dismissing her appeal and denying her Petition For Rehearing. Sitting en banc, we vacate and set aside the two orders of this Court which were entered on October 15, 1992, and April 1, 1993.
We hold that the three printed form documents styled "JURY VERDICT FOR DEFENDANT" and dated November 21, 1991, were not final judgments and therefore were not appealable to this Court. M.R.C.P. 77(d) states that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party ... and shall make a note in the docket of the service." The clerk of the trial court did not notify Roberts of the existence or entry of the "JURY VERDICT FOR DEFENDANT." The "JURY VERDICT FOR DEFENDANT" forms do not contain the word "Judgment". The document labelled "JUDGMENT" and dated December 5, 1991, was the only final judgment which was entered in this action and which was appealable to this Court. Roberts filed her notice of appeal within 30 days of the disposition of the post-trial motions and has timely perfected her appeal to this Court. The jury verdict forms were not final judgments from which Roberts could appeal. Even assuming arguendo that the forms could be construed *251 to be final judgments, Roberts was never notified of their existence, and her right to due process would protect her from losing her right to appeal since she was not aware of the jury verdict forms and was not notified of their existence. The forms were not in the court file, were not entered on the docket and were presented to the judge ex parte. Roberts' counsel asserts that he made a reasonable search and inquiry in order to determine if a judgment had been filed and was advised by the clerk of the trial court that no judgment had been filed.
In City of Gulfport v. Saxton, 437 So.2d 1215 (Miss. 1983) Justice Robertson speaking for a unanimous Court stated:

Parties to an appellate proceeding may reasonably expect notification from the court or its clerk when a ruling is made. We know of no appellate court which requires that parties police the docket and fail to do so at their peril. [The parties] had every reasonable expectation that each would be notified by the court when a decision on the appeal has been made. In this context, it would be intolerable to subject [a party] to prejudice and the loss of the rights he has subsequently won because he took no action... . Such a result would smack of a violation of due process.

Id. at 1217. (Emphasis added). The jury verdict forms were not delivered by the clerk of the trial court to Roberts' counsel, were not on the general docket of the court, and were not in the court file. Counsel for Roberts made a reasonable effort to determine if a final judgment had been entered. Roberts did not know that the jury verdict forms had been received by the clerk. The clerk of the trial court apparently did not consider the "JURY VERDICT FOR DEFENDANT" to constitute a final judgment because it did not serve a copy of the form document upon the attorneys as required by M.R.C.P. 77(d). The trial court did not consider the "JURY VERDICT FOR DEFENDANT" to constitute a final judgment because it later signed a "JUDGMENT" dated December 5, 1991.
Under the particular facts of this case the "JURY VERDICT FOR DEFENDANT" was not a final judgment which started the appeal time to run and was not intended to be a final judgment.
The trial court failed to make any findings of fact or conclusions of law regarding whether the "JURY VERDICT FOR DEFENDANT" constituted a final judgment and therefore we decide this issue because the trial court failed to do so.
Roberts has submitted a certified copy of the general docket, which does not contain an entry for the printed form documents labelled "JURY VERDICT FOR DEFENDANT." The documents labelled "JURY VERDICT FOR DEFENDANT" were not recorded in the docket book as required by M.R.C.P. 79(a) and were not placed in the court file of the trial court. We find that the due process clause of Mississippi's Constitution requires that this appeal must be reinstated. See Miss. Const. of 1890, art. 3, §§ 14, 24; Williams v. State, 456 So.2d 1042 (Miss. 1984); and this Court's order entered on March 24, 1994, which amended M.R.C.P. 58 effective July 1, 1994; although the amendment does not affect the case at bar, it is at least noteworthy. The order amended M.R.C.P. 58 to read as follows:
Every judgment shall be set forth on a separate document which bears the title of Judgment. A judgment shall be effective only when so set forth and when entered as provided in M.R.C.P. 79(a).
THEREFORE, IT IS ORDERED that Roberts' Amended Motion For Out-Of-Time Appeal Or, Alternatively, For Relief From Order, be, and hereby is, granted, that this action is reinstated on the docket of this Court, that the notice of appeal in this action was timely filed, and that appellate proceedings shall resume.
IT IS FURTHER ORDERED that Grafe's Motion To Strike Appellant's Amended Motion For Out-Of-Time Appeal be, and hereby is, denied.
IT IS FURTHER ORDERED that Renee And Sherrie Clark's Motion To Strike Appellant Roberts' Amended Motion For Out-Of-Time Appeal Or, Alternatively, For Relief From Order be, and hereby is, denied.
IT IS FURTHER ORDERED that Grafe's Motion For Leave To File Reply To *252 Appellant's Response To Motions To Strike Appellant's Amended Motion For Out-Of-Time Appeal Or, Alternatively, For Relief From Order be, and hereby is, granted.
IT IS FURTHER ORDERED that Renee And Sherrie Clark's Motion For Leave To File Reply To Appellant's Response To Motions To Strike Appellant's Amended Motion For Out-Of-Time Appeal Or, Alternatively, For Relief From Order be, and hereby is, granted.
SO ORDERED.
DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
PRATHER, P.J., dissents with separate written opinion joined by HAWKINS, C.J.
McRAE, J., does not participate.
PRATHER, Presiding Justice, dissenting to order:
This Court dismissed Roberts' appeal on October 15, 1992, for failure to file a timely notice of appeal, and denied Roberts' petition for rehearing to reinstate appeal on April 1, 1993. Roberts then filed an amended motion for an out-of-time appeal or, alternatively, for relief from the order denying her petition for rehearing. Because there is no procedure for this third attempt at an out-of-time appeal and because this Court has twice decided this issue adversely to Roberts, I must dissent to this Court's reversal of its two former rulings.
The reasoning set forth and relied upon in this Court's order of October 1992 is as correct and compelling today as it was two years ago:
Accordingly, in order for a judgment to be final and appealable, there must be a writing which is "the final determination of an action and thus has the effect of terminating the litigation," signed by the court, delivered to the clerk (filed) and entered by the clerk ("the ministerial notation of the judgment by the clerk of the court pursuant to Rule 58").
In the case sub judice, there were handwritten jury verdicts representing the final determination in the action, which were subsequently reduced to writing, signed by the trial court, given to the trial court clerk for filing and entered by the trial court clerk. Although labeled "Jury Verdict of Defendant," the November 21, 1991 documents are final, appealable orders. The failure of the clerk to immediately notify the parties of the entry of the judgments did not effect [sic] the running of the time limitations for post-trial motions and/or notice of appeal.
October 15, 1992 Order. (MB 92 Bk 2 Pgs. 408-412)
The three jury verdicts for defendants in this cause read as follows:
This cause coming on for hearing on this a regular day of this term of Court, comes parties Plaintiff and Defendant in person and by their respective attorneys of record and both sides having announced ready for trial, and issue being joined herein;
Whereupon came a Jury composed of Albert H. Cochran and eleven other good and lawful Jurors of Jackson County, Mississippi, who having been empaneled, selected and accepted by both sides, after hearing all of the evidence introduced, heard argument of counsel and received the instructions of the Court, retired to consider their verdict, and presently returned into open Court the following verdict, to-wit:
"We, the jury, find for the Defendant, Grafe Auto Company, Inc. [Renee Clark/Sherrie Clark]"
It is thereupon ordered by the Court that Plaintiff take nothing of Defendant by her said suit herein and that Plaintiff, PHYLLIS ROBERTS (KING) be taxed and charged with all costs as accrued in this cause, such costs to be taxed by the Clerk of this Court for which let all proper process issue.
Ordered this the 21 day of November A.D., 1991.
 /s/ (signed) Clinton E. Lockard
 Circuit Court Judge
These jury verdicts, despite not being labelled "judgments," were final and appealable. Roberts had until December 23, 1991, to file notice of her appeal. By her own admission, Roberts had actual knowledge of the entry of the jury verdicts on December 5, *253 1991, which was well within the 30 day window. Although no motion for an extension of time was filed, she did not file notice of her appeal until January 13, 1992, 53 days after entry of the final judgments.
This Court has repeatedly refused to accept excuses for failure to timely file a notice of appeal of a civil case. See Ivy v. General Motors Acceptance Corp., 612 So.2d 1108, 1116 (Miss. 1992) (Rule 4(a) requirement that notice of appeal be filed within 30 days after entry of the judgment or order appealed from is "`hard-edged, mandatory' rule which this Court `strictly enforces'"); Bank of Edwards v. Cassity Auto Sales, 599 So.2d 579, 582 (Miss. 1992) (failure to file notice of appeal within 30 days after entry of denial of motion for JNOV/new trial leaves this Court without jurisdiction to hear appeal; filing of Rule 60 motion irrelevant as it does not toll running of the 30 day appeal time); Bruce v. Bruce, 587 So.2d 898, 900-04 (Miss. 1991) (premature notice of appeal of no effect); Matter of Estate of Ware, 573 So.2d 773, 774-75 (Miss. 1990) (notice of appeal must be filed within 30 days after entry of the judgment or order appealed from; "[m]ere failure to learn of entry of the judgment is generally not a ground for showing excusable neglect"; counsel has duty to check docket regularly when case is taken under advisement; "reliance on mistaken legal advice from a trial court clerk will not show excusable neglect"); Duncan v. St. Romain, 569 So.2d 687, 688 (Miss. 1990) (rule requiring filing of notice of appeal within 30 days after entry of judgment or order appealed from is mandatory and jurisdictional); Moore v. Wax, 554 So.2d 312 (Miss. 1989) (notice of appeal filed one day late requires dismissal of appeal); Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310-11 (Miss. 1989) (30 day rule for perfecting an appeal is in nature of statute of limitations and "appeals not perfected within 30 days will be dismissed, period"; strict adherence to the 30 day rule will avoid official arbitrariness); Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 57-58 (Miss. 1988) (Miss.Sup.Ct.R. 48, precursor to Miss.Sup. Ct.R. 4, also required that notice of appeal be filed within 30 days after date of entry of judgment or order appealed from); Landrum v. Bailey, 475 So.2d 140 (Miss. 1985) (same).
The precedents relied upon in this Court's current order were available when this Court previously ruled on the viability of Roberts' appeal. To revive Roberts' appeal at this late date reflects adversely on this Court's adherence to its prior pronouncements regarding Miss.Sup.Ct.R. 4(a). The caprice of the majority's action today is intensified by the fact that relief is being granted although there exists no procedural vehicle to request such relief. Roberts' appeal was dismissed for failure to file her notice of appeal in a timely fashion and her petition for rehearing and to reinstate appeal were likewise denied. There was nowhere for Roberts to go from there. Nonetheless, this Court has now created a new procedure. The result of the majority's action is great prejudice to the Appellees, who have correctly and reasonably relied upon the finality of the jury verdicts in their favor and upon this Court's prior treatment of this matter.
Litigants should be entitled to rely upon what this Court has said. Without such principled consistency and respect for our own precedent, public confidence in our objectivity is at stake. Respect for the previous orders of this Court and its procedural rules prevent me from joining the majority and granting relief to Roberts. Accordingly, I respectfully dissent.
HAWKINS, C.J., joins this opinion.