# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00847-SCT

*MARION C. MULLEN, d/b/a MULLEN TRAILER PARK*

*v.*

*GREEN TREE FINANCIAL CORPORATION-MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/27/95 |
| TRIAL JUDGE: | HON. EUGENE BOGEN |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN NICK |
| ATTORNEY FOR APPELLEE: | JOHN HEDGLIN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED ON THE ISSUE OF ATTORNEY FEES - 9/10/98 |
| MOTION FOR REHEARING FILED: | 9/23/98 |
| MANDATE ISSUED: | 12/10/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On June 9, 1994, Green Tree Financial Corporation-Mississippi (hereinafter Green Tree) filed a Declaration in Replevin in the County Court of Washington County, Mississippi. Green Tree sought to take possession of a mobile home that it had a perfected security interest in which at the time was in the possession of trailer park landlord Mullen. On November 18, 1994, a hearing was conducted before Honorable Vernita Johnson. Judge Johnson issued a ruling on November 28, 1994, where she found that the landlord's lien was subject to all prior liens and ordered that immediate possession of the trailer be awarded Green Tree, together with all court costs.

¶2. Counsel for Mullen wrote a letter on December 5, 1994, to the Judge seeking a review of the ruling. After receiving this letter the Judge issued an amended ruling on April 4, 1995, which reversed the court's earlier position and required Green Tree to pay one year's rental plus attorney's fees in the amount equal to 25% of unpaid rent before taking possession of the home. A final judgment was signed confirming the court's amended ruling on May 1, 1995, and it was entered by the Clerk of the Court on May 10, 1995.

¶3. Green Tree appealed the ruling that was entered on May 10, 1995, to the Circuit Court of Washington County, Mississippi. The circuit judge issued a ruling on August 17, 1995, reversing the May 10th judgment finding that the ruling of November 28, 1994, was treated as a judgment and that ruling was a final, appealable order. The court further found that the letter dated December 5, 1994, from Mullen's counsel was not a proper motion and the court was without authority to enter the amended ruling of April 4, 1995, and the Judgment of May 1, 1995, must be reversed. The circuit court also found that the amended ruling was in error on the merits as well.

¶4. The underlying facts of this case are not in dispute. On or about May 1, 1990, two individuals, Ronnie and Tonya Sims, entered into a Lease with Mullen, proprietor of a trailer park doing business as Mullen Trailer Park. The lease agreement provided for monthly rental of ninety dollars ($90.00) per month for the parcel of land on which the mobile home sits. In May, 1990, the Sims executed a retail installment contract in favor of Green-Tree and on May 21, 1990, a financing statement evidencing Green Tree's security interest in the trailer was filed for record. The Sims abandoned the mobile home and left unpaid rent owed to the Mullen Trailer Park.

¶5. Green Tree filed a Declaration In Replevin seeking possession of the manufactured home which was in the possession of the Mullen Trailer Park. Green Tree also requested the county court to grant it a judgment against Mullen for all attorney fees and costs incurred in bringing the action. Mullen answered the Declaration arguing that the trailer park has a landlord lien on the home for unpaid rent. On this appeal there are three assignments of error Mullen requests this Court to consider.

### Standard of Review

¶6. Since all three issues involve questions of law as opposed to a finding of fact this Court will apply a de novo standard of review. *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 47 (Miss. 1998); *Cummings v. Benderman*, 681 So. 2d 97, 100 (Miss. 1996); *Ford v. Holly Springs Sch. Dist.*, 665 So.2d 840, 843 (Miss. 1995). This Court must review the lower court's ruling under a de novo standard of review. The only issues to be resolved are procedural matters concerning the Mississippi Rules of Civil Procedure or a matter of law.

### I.

¶7. The key question that needs to be decided first is if the first ruling by the county court judge was a final judgment. Green Tree contends that the November 18, 1994 ruling was a final judgment and since no motion to amend or notice was timely filed, that judgment remained in effect and all subsequent actions of the county court are void and without effect. Alternatively, Mullen argues that the November 18th ruling was not a final judgment and the county court judge has authority to amend her ruling at anytime prior to the entry of the final judgment. As long as a judgment is not final, the lower court can amend its ruling. *Griffin v. Tall Timbers Dev., Inc.*, 681 So. 2d 546, 552 (Miss. 1996).

¶8. On November 18, 1994, a hearing was conducted before a special county judge appointed to hear the case. Judge Johnson issued a ruling on November 28, 1994, which concludes:

> The Court thereby orders that plaintiff is granted the immediate possession of the personal property described as a 1990 Gateway Homes, Inc., manufactured home, Serial No. GW-AL-

2857 along with all costs of court herein.

Ordered and adjudged this the 28th day of November, 1994.

The Circuit Court Judge found that this ruling was entered on the Minutes of the County Court on November 30, 1995, at Minute Book 73, pages 321-22. Judge Bogen, the circuit court judge that heard this appeal found that the November 28th ruling was a final, appealable order based on his finding that:

> the specially appointed judge contemplated that a judgment was incorporated [sic] within the Court's ruling of November 28, 1994, as the last paragraph of the Ruling goes beyond the decision reached to expressly order that Green Tree be granted immediate possession of the trailer. Furthermore, the Ruling was treated as a judgment, as reflected by its enrollment on the Minutes of the County Court.

¶9. This would be persuasive but for the clear, unambiguous language of Rule 58 of the Mississippi Rules of Civil Procedure. This Rule provides: "Every judgment shall be set forth on a separate document which **bears the title of "Judgment**." A judgment shall be **effective only when so set forth and** when entered as provided in M.R.C.P. 79(a)." There is no question that the document signed by the county court judge on November 28, 1994, does not bear the title of "Judgment." Also, the "Amended Ruling" dated April 4, 1995, is not a final judgment for this very same reason. In further support of this conclusion, the comment to Rule 54(a) provides in relevant part:

> The terms "decision" and "judgment" are not synonymous under these rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.

¶10. Litigants need to know when there is a final judgment so they can proceed under the Mississippi Rules of Civil Procedure for filing a motion to amend the judgment under M.R.C.P. 59, a motion for relief from the judgment under M.R.C.P. 60, a motion to amend or make additional findings under M.R.C.P. 52(b) and when to perfect an appeal pursuant to the Mississippi Rules of Appellate Procedure and governing statutes of the Mississippi Code of 1972. *See **Bruce v. Bruce***, 587 So. 2d 898 (Miss. 1991); ***Allen v. Mayer***, 587 So. 2d 255, 260 (Miss. 1991); Miss. Code Ann. § 11-51-79 (1972); Miss.R.App.P. 4. This need supports the requirement of Rule 58 that all judgments must bear the title of "Judgment."

¶11. The findings of the Amended Ruling dated April 4, 1995, were incorporated into a final judgment. The judgment on May 1, 1995, was within six months from the date on which the county court judge took the matter under advisement; it does comply with Rule 58 since it is titled "Judgment", it was filed on May 10, 1995, and it was entered in Minute Book 75 at page 236. It is from this judgment that Green Tree appealed to the circuit court. Consequently, the circuit court had appellate jurisdiction to entertain the appeal of the final judgment dated May 10, 1995, pursuant to Miss. Code Ann. § 11-51-79 (1972).

¶12. If the circuit court had reversed the May 1, 1995 county court judgment based solely on the finding of a procedural error alone then we would need to reverse and remand to the circuit court for determination of the substantive issue on appeal. However, the circuit court also found that the

amended ruling and judgment are in error substantively. The circuit court has the authority, if a new trial is not necessary, "to enter the judgment that it thinks the county court should have rendered." *Fultz v. Doss by Doss*, 507 So. 2d 891, 894 (Miss. 1987). Consequently the second assignment of error on the merits of the case is properly before the Court.

II.

¶13. The proper determination of this case rests on statutory construction and the intent of the Legislature as to whether a landlord's lien is superior to a purchase-money security interest in a mobile home. It does not depend on any interpretation based on Chapter 9, the Secured Transactions Chapter of the Uniform Commercial Code because Miss. Code Ann. § 75 -9-104(b) clearly excludes landlord's liens from Chapter 9. "As such**,** the priorities created in Chapter 9 do not apply to landlord's liens." *Planters Bank & Trust Co. v. Sklar*, 555 So. 2d 1024, 1027 (Miss. 1990). The Appellee, Green Tree, contends its perfected security interest is superior to Mullen's statutory lien. In contrast, Mullen argues its landlord lien is superior to Green Tree's security interest.

¶14. Mullen relies on Miss. Code Ann. § 89-7-1 (1991) which provides:

> **§ 89-7-1. Goods not to be removed until rent paid.**
>
> No goods or chattels, lying or being in or upon any messuage, lands or tenements, leased or rented for life, years, at will, or otherwise, shall at any time be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender to the landlord or lessor thereof, all the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent; and the party suing out such execution or other process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment or process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent, as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditor shall pay the landlord the money value of such things.

In contrast, in support of Green Tree's argument that its security interest is superior it relies on Miss. Code Ann. § 89-7-51(2) which provides:

> **§ 89-7-51(2) Lien of landlord.**
>
> (2) All articles of personal property, except a stock of merchandise sold in the normal course of business, owned by the lessee of real property and situated on the leased premises shall be subject to a lien in favor of the lessor to secure the payment of rent for such premises as has been contracted to be paid, whether or not then due. *Such lien shall be subject to all prior liens or other security interests perfected according to law.* No such articles of personal property may be removed from the leased premises until such rent is paid except with the written consent of the lessor. All of the provisions of law as to attachment for rent and proceedings thereunder shall be applicable with reference to the lessor's lien under this subsection.

Miss. Code Ann. § 89-7-51(2) (1991) (emphasis added).

¶15. At first, the language of these two statutes seem to be irreconcilable. Green Tree tries to reconcile the two statutes by citing to *Hicks v. Thomas*, 516 So. 2d 1344, 1347-48 (Miss. 1987) for the proposition that Section 89-7-1 affords "an unpaid landlord no rights in the property of third persons on the premises." *Hicks*, 516 So. 2d at 1347. However, Green Tree's reliance on this statement is misplaced given the factual circumstances of the case *sub judice*. In *Hicks*, the landlord sought to place a lien on an automobile that his lessee had borrowed from a third person and when the lessee left the premises he abandoned his father-in-law's vehicle on the lessor's premises. In this case, the mobile home was owned by the lessees, the Sims, and Green Tree was not the owner, it just had a perfected purchase money security interest in the home at the time the Sims and Mullen lease agreement was executed.

¶16. Mullen argues that Section 89-7-1 of the code is the controlling section because it defines the procedure to be followed regarding this type of lien and defines the amount of the lien. While Section 89-7-1 does define a remedy, the legislative intent under Section 89-7-51(2) is that a landlord lien is subject to a prior perfected security interest in personal property, as opposed to agricultural products. A landlord's lien with respect to agricultural products is governed by 89-7-51(1) and is superior to a perfected security interest. Miss. Code Ann. § 89-7-51(1) (1991); *Planters Bank & Trust Co.*, 555 So. 2d at 1027. It is also important that the last sentence of Section 89-7-51(2) states, "All of the provisions of law as to attachment for rent and proceedings thereunder shall be applicable with reference to the lessor's lien under this subsection." Therefore, Section 89-7-1 merely provides for a remedy by a landlord who has a landlord's lien under Section 89-7-51(2). In addition, "Sections 89-7-55 through 89-7-125 set forth how a landlord attaches for rent." *Bender v. North Meridian Mobile Home Park*, 636 So. 2d 385, 388 (Miss. 1994).

¶17. These two seemingly contradictory statutes are not in contradiction at all. The plain reading of Section 89-7-51(2) provides that a landlord's lien regarding all articles of personal property is subject to prior security interests perfected according to law. In *Walker v. First National Bank*, this Court reaffirmed its position that section 2175, Code 1930, "does not give the landlord a lien on the property on or in the leased premises for his rent." *Walker v. First Nat'l Bank*, 168 Miss. 487, 492, 151 So. 740 (1934). Section 2175, Code 1930, utilizes substantially the same language as Section 89-7-51(2) of the Mississippi Code of 1972 and there is no reason to depart from the wisdom and logic of our prior justices who interpreted substantially similar language. This Court finds that only Section 89-7-51(2) creates a landlord's lien in personal property and that Section 89-7-1 defines the procedure and consequences if the lien created under Section 89-7-51(2) has priority over the secured party's right in the property.

¶18. We reject Green Tree's assertion that Section 89-7-1 was only intended to apply to statutory liens, and not to properly perfected prior security interests. Section 89-7-51(2) does not mean that a landlord's lien will always be subordinate to a secured party's interest in the property. The language of Section 89-7-51(2) states that "[s]uch lien shall be subject to all *prior* liens or other security interests perfected according to law" (emphasis added). If the landlord's lien occurred prior to the perfection of the security interest by the secured party, then the landlord's lien would take priority. Then the remedy available pursuant to Section 89-7-1 would come into play and the landlord would be entitled to unpaid rent.

¶19. In this case, the Sims executed a retail installment contract in favor of Green-Tree and on May 21, 1990, a financing statement evidencing Green Tree's security interest in the trailer was filed for record. A mobile home falls within the definition of consumer goods and filing is not required to perfect Green Tree's purchase money security interest in the mobile home. Miss. Code Ann. § 75-9-302(1)(d) (Supp. 1997). It is generally agreed that the lien attaches at the time the goods are placed on the property or at the beginning of the tenancy. 49 Am.Jur.2d Landlord & Tenant § 954 (1995). Under the language of our statute, Section 89-7-51(2), it appears the lien attaches at the time the goods are placed on the property. Green Tree's purchase money security interest attached before the mobile home was placed on Mullen's property and therefore Green Tree's lien was prior to Mullen's landlord's lien. This reasoning is also in line with the holding of other jurisdictions which have been presented with a similar set of facts. *See **Balfour Fed. Credit Union v. Bedrosian***, 570 A.2d 1112 (R.I. 1990) (holding that landlord's interest in mobile home was inferior to lender's interest and secured party obtained a perfected purchase money security interest in the mobile home prior to the creation of any interest in favor of the trailer park landlord); **National Inv. Trust v. First Nat'l Bank in Albuquerque**, 543 P.2d 482, 484 (N.M. 1975) (finding that perfected security interest has priority over subsequent landlord's lien), Consequently, we hold that Green Tree's earlier in time security interest has priority over Mullen's landlord's lien.

### III.

¶20. The circuit court awarded Green Tree attorney's fees in the amount of $1,878.60. There is nothing in the record that indicates what statutory authority the circuit court judge applied in determining that an attorney's fee award was proper for either party. This Court has repeatedly held that "in the absence of contractual provisions or statutory authority, attorneys' fees may not be awarded as damages in a case unless punitive damages are also proper." **Central Bank of Mississippi v. Butler**, 517 So. 2d 507, 512 (Miss. 1987) (*citing* **Grisham v. Hinton**, 490 So. 2d 1201, 1205 (Miss. 1986); **Gardner v. Jones**, 464 So. 2d 1144, 1150 (Miss. 1985); **Aetna Cas. & Sur. Co. v. Steele**, 373 So. 2d 797, 801 (Miss. 1979)). In light of the fact the circuit judge failed to mention what authority allowed him to award attorney fees in this case, the case must be remanded to the Circuit Court of Washington County, Mississippi for consideration of whether an attorney's fee award is proper and allow for each party to submit arguments on this issue.

¶21. In conclusion, although the circuit court, sitting as an appellate court, erred in its determination that the first ruling by the county court was a final judgment, it correctly reversed the judgment dated May 10, 1995, on the substantive issue of this appeal. Green Tree's purchase money security interest is superior to Mullen's landlord's lien pursuant to Section 89-7-51(2) of the Mississippi Code of 1972. Consequently, we affirm the circuit court's finding in this regard. We reverse the award of attorney fees and remand the case back to the circuit court where it can support its award by legal authority.

¶22. **AFFIRMED IN PART; REVERSED AND REMANDED ON THE ISSUE OF ATTORNEY FEES.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**