# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01965-SCT

*SYBIL THOMPSON*

*v.*

*CITY OF VICKSBURG*


| | |
|---|---|
| DATE OF JUDGMENT: | 7/27/2000 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WAYNE E. FERRELL, JR. |
| | ANDRE FRANCIS DUCOTE |
| ATTORNEY FOR APPELLEE: | GERALD E. BRADDOCK |
| NATURE OF THE CASE: | PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED-04/11/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/2002 |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**


¶1. Sybil Thompson appeals from an order entered on July 27, 2000, by the Warren County Circuit Court denying her motion for reconsideration of a November 25, 1997, order granting summary judgment in favor of the City of Vicksburg. Thompson's attorney submitted a proposed final judgment on January 6, 1998, which the court never entered. No final judgment had ever been entered; and therefore, the trial court's order is reversed pursuant to Rule 58 of the Mississippi Rules of Civil Procedure. Further, under the Tort Claims Act, we no longer require a strict compliance with the notice of claim requirements of that Act. We now require only substantial compliance with the notice of claim procedures. Thus, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2. Sybil Thompson ("Thompson") filed a complaint against the City of Vicksburg ("City") under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2001), to recover for personal injuries she sustained in the Vicksburg Police Department building in Vicksburg. While on a visit to the police department, Thompson was directed by employees to a stairwell which led to her destination. As she was descending the stairwell, the hand rail gave way causing her to fall and suffer injuries to her knees, upper back, and neck.

¶3. Thompson filed a complaint against City under the MTCA. Later, City filed a motion for summary judgment based on Thompson's failure to strictly comply with the notice requirements of MTCA. The trial

court noted that Thompson had **substantially complied with the notice requirements under MTCA**, however, at that time, we required strict compliance with the notice requirements pursuant to *City of Jackson v. Lumpkin*, 697 So.2d 1179 (Miss. 1997) and *Carpenter v. Dawson*, 701 So.2d 806 (Miss. 1997). Therefore, the trial court granted summary judgment in favor of the City, and entered an order to that effect on the trial court docket on November 25, 1997. No final judgment was entered. Wayne E. Ferrell, counsel for Thompson at the time, wrote a letter and submitted to the trial court on January 6, 1998, a proposed Final Judgment requesting that it be entered. The trial court never entered a document styled "Final Judgment." Thompson later changed counsel.

¶4. Subsequent to the entry of the order granting summary judgment to City, we rendered the decisions of *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237 (Miss. 1998) and *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999), which relaxed the standard of strict compliance for notice under the MTCA and implemented a substantial compliance standard. ***Reaves*** changed the standard, and ***Carr*** overruled the cases upon which the trial court relied in granting City's motion for summary judgment.

¶5. On March 1, 2000, Thompson's new attorney filed a motion for reconsideration of the order granting summary judgment based upon the changes in the law. On July 27, 2000, the trial court denied the motion stating that the trial court was without jurisdiction because the November 25, 1997, order granting summary judgment was an appealable order to which plaintiff failed to timely file a Motion to Amend pursuant to Rule 52 of Mississippi Rules of Civil Procedure. According to the trial court, since Thompson did not timely file a "Motion to Amend", her case was not pending at the time ***Reaves*** and ***Carr*** were decided and the rulings therein would not be applied retroactively to her case. On August 17, 2000, Thompson timely filed a notice of appeal from the trial court's order denying her motion for reconsideration.

## DISCUSSION

### I. WHETHER GRANTING A SUMMARY JUDGMENT MOTION TO THE CITY OF VICKSBURG BY ORDER CONSTITUTED A FINAL JUDGMENT FROM WHICH AN APPEAL COULD HAVE BEEN TAKEN

¶6. Whether the trial court's granting of summary judgment was proper is not at issue in the case sub judice. Rather, the primary issue is whether the order granting City's motion for summary judgment constituted a final judgment from which appeal could have been taken. Thompson contends that since the order granting summary judgment was not styled "Judgment" or "Final Judgment," that order was not a final appealable judgment; and therefore, her case was still pending at the time she filed her motion for reconsideration. Thompson concludes that since her case was still pending, her motion for reconsideration was timely filed, and the trial court erred in denying said motion. Alternatively, City argues that an order is not invalid as a final adjudication because it is styled "order" and not "judgment," and that the order granting summary judgment was a final appealable order.

¶7. In support of her contention, Thompson relies upon Rule 58 of the Mississippi Rules of Civil Procedure which states, "Every judgment shall be set forth on a separate document which bears the title of 'Judgment.' A judgment shall be **effective only when so set forth and when entered as provided in M.R.C.P. 79(a).**" Miss. R. Civ. P. 58 (emphasis added).

¶8. *Mullen v. Green Tree Fin. Corp.*, 730 So.2d 9 (Miss. 1998) provides an interpretation of Rule 58 upon which Thompson relies. In ***Mullen*** we held that the language of Rule 58 is "clear and unambiguous" in

that it requires a separate document entitled "Judgment" as a final order. ***Id.*** In support of a literal interpretation of Rule 58, we noted that in the Comments to [Rule 54(a)](#) of Mississippi Rules of Civil Procedure "[t]he terms 'decision' and 'judgment' are not synonymous under these rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act gives it legal effect." ***Id.*** at 12. We went on to describe the need for parties to know the date of a final judgment so they can proceed under the Mississippi Rules of Civil Procedure for filing the various time sensitive motions. ***Id.*** (citing ***Bruce v. Bruce***, 587 So.2d 898 (Miss. 1991); ***Allen v. Mayer***, 587 So.2d 255, 260 (Miss. 1991); Miss. Code Ann. § 11-51-79 (1972); [Miss. R. App. P. 4](#)). We further explained that the "need supports the requirement of Rule 58 that all judgments must bear the title of 'Judgment'." ***Id.***

¶9. In ***Mullen***, we further held that a ruling by a trial court was not a final judgment even though it was "treated as a judgment, as reflected by its enrollment on the Minutes of the County Court" and the "judge contemplated that a judgment was incorporated [sic] within the Court's ruling... as the last paragraph of the Ruling goes beyond that decision reached" to order an express action. ***Id***. at 12.

¶10. The document in issue in ***Mullen*** was not an order granting summary judgment but rather a ruling of the court responding to a declaration of replevin. ***Id.*** at 11. Like the ruling in ***Mullen***, the order granting summary judgment here was entered into the minutes and court docket of the trial court. The trial court in ***Mullen*** held that the ruling was not a final judgment. ***Id.*** at 12. In keeping with ***Mullen***, we find that the order granting summary judgment did not constitute a final judgment from which appeal could have been taken.

¶11. We have previously reinstated an appeal which had been dismissed for not being timely filed on the basis that no final judgment was entered. ***Roberts v. Grafe Auto Co.***, 653 So.2d 250 (Miss. 1994). We held in ***Roberts*** that documents entitled "Jury Verdict for Defendant" were not considered a final judgment from which an appeal could have been taken. ***Id.*** Even though the "Jury Verdict for Defendant" in ***Roberts*** was not entered in the court docket as required by M.R.C.P. 79(a) and a notice of entry was not served upon the parties as required by [M.R.C.P. 77(d)](#), the pronounced law still applies. ***Roberts***, 653 So.2d at 250. In the case sub judice, an entry was made on the court docket concerning the order granting summary judgment, and both Thompson and City were given notification of said order in line with their respective due process rights. Thompson knew an order granting summary judgment had been granted in favor of City. In fact, her attorney at the time, Wayne E. Ferrell, wrote a letter and submitted to the trial court a proposed Final Judgment requesting final judgment be entered. The trial court has not, to date, entered a document styled "Final Judgment." ***Roberts*** is still sound law, and we will not stray from it. The motion for reconsideration is reinstated as no final judgment has been entered.

## II. WHETHER THE TRIAL COURT ERRED IN HOLDING THOMPSON'S MOTION FOR RECONSIDERATION AS UNTIMELY FILED.

¶12. As discussed above, Thompson's motion for reconsideration was timely filed since her case was still pending due to the trial court's failure to enter final judgment. Therefore, none of City's arguments have merit. The City argues that the time limits have expired. However, the time limits have not yet begun to run since no judgment has ever been entered. Consequently, the trial court erred in holding the motion for reconsideration was untimely filed.

## III. WHETHER SUBSEQUENT CHANGES IN THE LAW ARE TO BE APPLIED

### RETROACTIVELY ONLY TO CASES ON APPEAL

¶13. The trial court granted summary judgment for the City after finding that while Thompson had **substantially complied with the notice provisions of the MTCA**, she was **required** to meet strict compliance notice provisions pursuant to *City of Jackson v. Lumpkin*, 697 So.2d 1179 (Miss. 1997) and *Carpenter v. Dawson*, 701 So.2d 806 (Miss. 1997). Subsequently, we changed the notice provisions under the MTCA from strict compliance to substantial compliance. *See Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237 (Miss. 1998). We overruled *Lumpkin* and *Carpenter* in *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999). While her case was still pending, Thompson filed a motion for reconsideration of the order granting summary judgment.

¶14. As noted in the preceding discussion, Thompson claims that at the time *Reaves* and *Carr* were decided, her case was still pending because no final judgment had been entered. Therefore, the new holding should apply retroactively to her case. Alternatively, City argues that changes in law are applied retroactively only to cases on appeal, and since the order granting summary judgment was not on appeal, the new law should not apply retroactively to Thompson's case.

¶15. The law is quite clear regarding retroactive application of judicially articulated rulings. Retroactive application is not limited to pending appeals, as stated by City, but also applies to cases awaiting trial. We have held consistently that "judicially enunciated rules are applied retroactively." *[Anderson v. Anderson](#)*, 692 So.2d 65, 70 (Miss. 1997) (citing *Ales v. Ales*, 650 So.2d 482, 484 (Miss. 1995) ; *Hall v. Hilburn*, 466 So.2d 856, 875 (Miss. 1985)). These cases were all pending review on appeal when a change in the law occurred, which change was applied retroactively. In *Cain v. McKinnon*, 552 So.2d 91, 93 (Miss. 1989), we stated that a new rule enunciated in a case while *Cain* was pending was to be "enforceable in all actions pending on [that date], and not then final." *See also Mullen*, 730 So.2d at 12 (citing *[Griffin v. Tall Timbers Dev., Inc](#)*., 681 So.2d 546, 552 (Miss. 1996)).

¶16. We have clearly held that newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation. In the case sub judice, the order granting summary judgment was not a final judgment; no final judgment has ever been entered. This case was still pending at the time Thompson filed her motion for reconsideration, therefore, the new standard announced in *Reaves* and *Carr* applies retroactively.

### CONCLUSION

¶17. The order granting summary judgment to City was not a final order from which appeal could have been taken. Thompson's motion for reconsideration was not untimely filed. Finally, the change in the notice requirement announced in *Reaves* and *Carr* is applied retroactively to this case since it was still pending at the time they were published. For these reasons, the trial court's order denying Thompson's motion for reconsideration is reversed, and this case is remanded for further proceedings consistent with this opinion.

¶18. **REVERSED AND REMANDED.**

> **PITTMAN, C.J., DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SMITH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, J.**

> **SMITH, PRESIDING JUSTICE, DISSENTING:**

¶19. Because the majority holds that a summary judgment order is not a final order, I dissent. Finality serves an important function in trial proceedings. Without it, cases would remain in the court system forever, and justice would never be served. The case at bar illustrates this principle. It is my opinion that Sybil Thompson's appeal is time barred. While it is regrettable that this would leave Thompson with no recourse, to do otherwise would create a ridiculous judicial backlog. I would affirm the trial court's denial of Thompson's Motion for Reconsideration.

¶20. Thompson was injured on a visit to the City of Vicksburg Police Department. She filed a complaint against the City under the Mississippi Tort Claims Act. Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2001). The trial court granted summary judgment to the City due to Thompson's failure to strictly comply with the notice requirements of MTCA and subsequently entered an order to that effect. While the trial court did note that she had substantially complied with the requirements, the case law at that time called for strict compliance. Thompson did not appeal from this order.

¶21. Subsequent to the entry of summary judgment, this Court rendered two decisions making substantial compliance with MTCA notice requirements the rule. *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237 (Miss. 1998) and *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999). In March of 2000, two years and ninety-six days following entry of the order, Thompson filed a motion for reconsideration of the summary judgment order based upon those two cases. The trial court dismissed her motion for reconsideration.

¶22. The majority finds that the order granting summary judgment was not a final order from which an appeal could have been taken based upon our decisions in *Mullen v. Green Tree Fin. Corp.*, 730 So. 2d 9 (Miss. 1998) and *Roberts v. Grafe Auto Co.*, 653 So. 2d 250 (Miss. 1994). These cases are easily distinguished from the case at bar.

¶23. First, considering case law from all of our sister states, it can hardly be argued that an order for summary judgment is not an appealable judgment. Further, the various rules for Mississippi court procedure clearly contemplate that appeals can be taken from orders or judgments. Rule 5.04 of the Mississippi Uniform Circuit and County Court Rules states in part that "the notice of appeal and payment of costs must be simultaneously filed and paid with the circuit court clerk within thirty (30) days of the *entry of the order or judgment* being appealed." Miss. Unif. Cir. and Cty. R. 5.04 (emphasis added). Rule 54(a) of the Mississippi Rules of Civil Procedure notes that "'[j]udgment' as used in these rules includes a final decree *and any order* from which an appeal lies." Miss. R. Civ. P. 54(a) (emphasis added). Rule 77(d) clearly contemplates that appeals lie from orders or judgments as it states:

> Immediately upon the entry *of an order* or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure.

Miss. R. Civ. P. 77(d) (emphasis added).

¶24. Rule 3 of the Mississippi Rules of Appellate Procedure anticipates that an order may be appealable as

it discusses what may occur "[i]f two or more persons are entitled to appeal from a judgment *or order* of a trial court." Miss. R. App. P. 3 (emphasis added). Rule 8 of the Mississippi Rules of Appellate Procedure does this as well when it discusses the procedure regarding, as it states "[a]pplication for a stay of the judgment *or the order* of a trial court pending appeal...must ordinarily be made in the first instance to the trial court." Miss. R. App. P. 8 (emphasis added). Rule 11 of the Mississippi Rules of Appellate Procedure again confirms the principle that orders are appealable when it discusses the transmission of the record on appeal and states that among other things an Appellant "shall deposit that sum with the clerk of the court whose judgment *or order* has been appealed." Miss. R. App. P. 11 (emphasis added). Again, in Rule 43 of the Mississippi Rules of Appellate Procedure acknowledges the appealability of orders when it addresses substitution of parties, as it states "[i]f a party against whom an appeal may be taken dies after entry of a judgment *or order* in the lower court but before a notice of appeal is filed, an appellant may proceed as if death had not occurred." Miss. R. App. P. 43 (emphasis added)

¶25. As to this Court's opinion in ***Roberts***, there the form titled "Jury Verdict for Defendant" was found not to constitute a final judgment. In ***Roberts***, the Jury Verdict form was entered on November 21, 1991. A judgment was entered on December 5, 1991. Roberts appealed within thirty days of the latter date, a mere sixty (60) days from the entry of the jury verdict form. Thompson put off any action for eight hundred and twenty-six (826) days. Significantly, this Court noted the clerk's failure to notify Roberts of the existence of the jury verdict forms. 653 So. 2d at 251 ("The forms were not in the court file, were not entered on the docket and were presented to the judge *ex parte*. Roberts' counsel asserts that he made a reasonable search and inquiry in order to determine if a judgment had been filed and was advised by the clerk of the trial court that no judgment had been filed."). Here, Thompson makes no argument that she was unaware of the court's finding, nor is it argued that this order was not entered. Thus, ***Roberts*** differs significantly from the present case.

¶26. As to ***Mullen***, the disputed "judgment" there was not entitled judgment. This Court quoted the comment to Rule 54(e), stating that

> The terms "decision" and "judgment" are not synonymous under these rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.

730 So. 2d at 12. Decision and judgment are clearly different under the rules. An order, however, is clearly contemplated as falling under the auspices of a judgment. *See* Miss. R. Civ. P. 54(a). Further, this Court emphasized the importance of litigants knowing when there is a final judgment so they can proceed from there. As noted, there can be no question that Thompson seriously doubted the ability to appeal from a summary judgment order.

¶27. Since there was an appealable judgment entered, Miss. R. Civ. P. 60(b) then calls for a reasonable time during which a modification motion may be filed. I agree with the trial court's holding that an eight hundred and twenty-six day delay is unreasonable. It is an unreasonable delay particularly when one considers that the basis for Thompson's appeal relies on two cases, one of which was handed down more than a year prior to the time she sought reconsideration. I see no reversible error in this case. Thus, respectfully I dissent.

**WALLER, J., JOINS THIS OPINION.**