Serial: **261893**

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 89-R-99027-SCT

*IN RE: MISSISSIPPI RULES OF*
*APPELLATE PROCEDURE*

**FILED**

MAY 2 0 2026

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### EN BANC ORDER

The instant matter is before the Court on its own motion. After due consideration, the Court finds that Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure shall be amended as set forth in Exhibit A.

IT IS, THEREFORE, ORDERED that the Mississippi Rules of Appellate Procedure are hereby amended as set forth in Exhibit A. The amendment shall be effective thirty days from the entry of the instant order.

IT IS, FURTHER, ORDERED that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forward a true copy hereof to West Publishing Company for publication in the next edition of the Mississippi Rules of Court and in the Southern Reporter, Third Series (Mississippi Edition).

SO ORDERED, this the _20_ day of May, 2026.

_____
JOSIAH DENNIS COLEMAN,
PRESIDING JUSTICE

**ALL JUSTICES AGREE.**

# EXHIBIT A

## RULE 2.  PENALTIES FOR NONCOMPLIANCE WITH RULES;
## SUSPENSION OF RULES

**(a)  Dismissal of Appeal.**

(1) *Mandatory Dismissal.*  An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.

(2) *Discretionary Dismissal.*  An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules.  When either court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the  party of the nature of the deficiency.  If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court.  The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official.  ~~Motions for additional time in which to file briefs will not be entertained after the notice of the deficiency has issued.~~

**(b)  Other Sanctions.**  The Supreme Court or the Court of Appeals may, after reasonable notice given by the clerk of the Supreme Court and opportunity to show cause to the contrary, and after hearing, if requested, impose such sanctions as may be appropriate on any party, court reporter, trial court clerk, or attorney who fails to comply with these rules or any order issued pursuant to these rules.  Trial court judges have concurrent jurisdiction to sanction any party, court reporter, trial court clerk, or attorney who fails to comply with Rules 3, 10, and 11.  A copy of any such sanction order shall be served on the clerk of the Supreme Court and may be reviewed by the Supreme Court for abuse of discretion.

**(c) Suspension of Rules.**  In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. The time for taking an appeal under Rules 4 or 5 may be extended in criminal and post-conviction cases, but not in civil cases.

[Amended effective January 1, 1999; June 29, 2017; **June 19, 2026**]

**Advisory Committee Historical Note**

2

Effective January 1, 1999, Rule 2(a)(2) was amended to provide that motions for additional time will not be entertained after notice of deficiency has issued. 717-722 So.2d XXVII (West Miss.Cases 1998).

Effective January 1, 1999, Rule 2(b) was amended to effect a technical change. 717-722 So.2d XXVII (West Miss.Cases 1998).

Effective July 1, 1997, the Comment to Rule 2 was amended to reflect the promulgation of new Rule 4(h). 689-692 So.2d LXVI (West Miss. Cases 1997).

Effective January 1, 1995, Miss.R.App.P. 2 replaced Miss.Sup.Ct.R. 2, embracing proceedings in the Court of Appeals. 644-647 So.2d XXIV-XXVI (West Miss.Cases 1994).

Effective March 17, 1994, Miss.Sup.Ct.R. 2(a)(2) was amended to provide that if the party in default fails to correct the deficiency within 14 days after notification, the appeal shall be dismissed by the clerk. 632-635 So.2d XLII-XLIII (West Miss.Cases 1994).

## Comment

Perpetuating the spirit underlying the former rules of the Mississippi Supreme Court, the present rules will be construed to facilitate the just and efficient disposition of causes brought before the Supreme Court and the Court of Appeals. Accordingly, compliance with even the most technical requirements of the rules is encouraged.

Under Rule 2(a)(1), if an appeal is not taken within the time specified in Rules 4 or 5, either court, on its own motion or on motion of party, shall dismiss it. Rule 4(g) states when an extension of time may be granted by the trial court. Rule 2(c) provides for the suspension of Rule 2(a)(1) in criminal and post-conviction cases.

Where dismissal appears warranted for any other reason, the rule provides for the clerk to give written notice of the deficiency to counsel for the defaulting party. Specifically, the clerk will notify counsel that the party is in default in some manner and has 14 days to correct the noted deficiency. If the deficiency is not corrected within 14 days after notification, the appeal shall be dismissed by the clerk. In *pro se* proceedings, notification of deficiency shall be sent to the party. The rule recognizes that deficiencies may result from actions of third parties, such as court officials. The primary responsibility, however, for assuring correction of the deficiency remains with the defaulting party.

Rule 2(b) states the inherent disciplinary authority of either appellate court over parties and officers of the court. Because Rules 3, 10, and 11 involve actions to be taken in the trial court to prepare the appellate record, the rule recognizes the concurrent jurisdiction

of the trial court to impose sanctions for noncompliance with those rules. *See Wilson v. State*, 461 So. 2d 728, 729 (Miss. 1984).

Rule 2(c) provides for suspension of the rules for reasons of expedition or good cause shown. It is important to note that in civil cases, under Rule 2(c), the Court may not extend the time for taking an appeal except as provided by Rule 4 (g) or (h). This is a departure from prior law. *See Clark v. City of Pascagoula*, 473 So.2d 477 (Miss.1985); *but see Roberts v. Grafe Auto Co., Inc.*, 653 So.2d 250, 250-251 (Miss. 1994) (The Court held that several verdict forms signed by the trial court were not "final judgments" triggering the 30-day time for appeal. The Court further stated that "[e]ven assuming arguendo that the forms could be construed to be final judgments, [appellant] was never notified of their existence, and her right to due process would protect her from losing her right to appeal since she was not aware of the jury verdict forms and was not notified of their existence.") Where a party has filed an otherwise timely notice of appeal which is ineffective under Rule 4(d) or 4(e), the Court may, however, suspend the operation of 4(d) or 4(e) to prevent manifest injustice. This is not an extension of the "time for taking" the appeal. Also, because procedures for criminal appeals apply to post-conviction relief proceedings, Miss. Code Ann. § 99-39-25(1), the Supreme Court may suspend the rules and extend the time for taking an appeal in those proceedings. Rules 2(c) and 4(g) thus supplant the procedure described in *Jones v. State*, 355 So.2d 89, 90 (Miss.1978).

[Amended effective July 1, 1997; June 29, 2017.]